UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

GENEVA ELLIS-BALONE,

    Plaintiff,

    v.

SAMUEL W. BODMAN, Secretary,
U.S. Department of Energy,

    Defendant.

NO.  CV-07-5127-RHW

**ORDER GRANTING MOTION TO STRIKE**

Before the Court are Defendant's Motion to Strike or Alternative Motion for Partial Summary Judgment (Ct. Rec. 16), and Plaintiff's Motion to Supplement the Record (Ct. Rec. 46) and Motion to Expedite Hearing (Ct. Rec. 44).  A hearing on Defendant's motion was held on March 4, 2008.  Assistant United States Attorney Timothy Durkin appeared on behalf of Defendant; Lucinda Luke appeared on behalf of Plaintiff.

On May 25, 2007, Plaintiff filed a Complaint alleging her employer, Defendant Department of Energy (DOE), discriminated and retaliated against her on the basis of her race, gender, and medical conditions.  Plaintiff's suit is based on two separate complaints she filed administratively with the Equal Employment Opportunity Commission (EEOC).  Defendant moves the Court for an order striking portions of Plaintiff's complaint or, in the alternative, granting summary judgment on those portions of her complaint.  Defendant's basis for this motion is that Plaintiff asserts allegations of discrimination and retaliation that were not part of her prior administrative cases or occurred between the times that she filed her

ORDER GRANTING MOTION TO STRIKE  * 1

second and third administrative complaints with the EEOC.  Defendant also submits that Plaintiff's references to her first administrative filing with the EEOC, which is now a closed matter, should be stricken because those matters have no substantive bearing on the case presently before the Court.

**I.    Facts**

The parties agree on the following facts unless otherwise noted.

Plaintiff, an African American female, began working for Defendant DOE in 1991 as a physical scientist.  Since 1996, she has been assigned to her current duty station in DOE's Richland Operations Office.  In 1994, Plaintiff was diagnosed with "uveitis," which is a medical condition that causes episodic bouts of eye pain, blurred vision, and light sensitivity, and eventually leads to blindness.

In July 1997, Plaintiff sought assistance from an EEO counselor for alleged discriminatory practices by her employer; she alleged she had been discriminated against based on race, gender, and a pregnancy.  In March 1998, Plaintiff filed a formal discrimination complaint against DOE.  In the end of May 2003, an Administrative Law Judge heard evidence on Plaintiff's administrative complaint (Case #1).  The AJ found in favor of Plaintiff on her claims of race and gender discrimination and determined she was subject to disparate treatment and that DOE created a hostile work environment.  The AJ awarded Plaintiff $141,461; $100,000 of which was compensatory damages.  The DOE timely appealed the AJ's order, but, on December 29, 2004, the EEOC upheld the AJ's decision and Plaintiff's award.  On January 19, 2005, DOE paid Plaintiff the amount awarded to her by the EEOC.

In early 2002, while Case #1 was still pending, Plaintiff filed a second complaint with the EEOC for alleged retaliation and hostile work environment. Plaintiff filed a motion to amend the complaint in Case #1 to add those claims, but the AJ denied the motion as to the retaliation claim and granted the motion only as to the hostile work environment claim.  Plaintiff's second formal complaint for

ORDER GRANTING MOTION TO STRIKE  * 2

retaliation was filed on May 6, 2003 (Case #2).  On July 17, 2003, DOE mailed a
letter notifying Plaintiff of its acceptance of her complaint, outlining the claims
accepted for review, and describing the process for amending those identified
claims if Plaintiff disagreed with the agency's characterization of them.  (Ex. 205).
That letter describes Plaintiff's claims as follows:

> Please be advised that we have accepted the following claims of
> discrimination.
> Whether you were discriminated against on the basis of Retaliation
> when you allege:
> (1) Delayed processing of your application for the Leave Donor
> Program submitted on October 13, 1998, by the DOE RL Human
> Resource Management staff.
> (2) Requirements were disparately imposed upon you during your
> participation in the Leave Donor Program (quarterly and monthly
> reporting); and a letter dated June 29, 1999, from Jim Rasmussen,
> your then-supervisor, informing you to return to work by October 1,
> 1999, or resign.
> (3) Establishment of specific "Work Scope Deliverables," dated
> September 22, 1999, by your then-team lead, Paul Dunnigan that
> constituted unreasonable monitoring not required of others.
> (4) Management inaction and lack of HRM guidance on your request
> to telecommute, submitted August 18, 2000.
> (5) That your time and attendance (timecard) reporting was
> continuously scrutinized from April 2000 to February 13, 2001 and
> undue restrictions were put in place.

(Ex. 205).

Plaintiff asserts that, during the 14-month delay between her original filing
of the administrative complaint and the receipt of her Right to File letter in Case
#2, additional acts of discrimination and retaliation occurred.  Defendant states that
an investigation of her allegations was conducted in October 2003, but Plaintiff
insists the investigation was initiated in September 2003.

Plaintiff states that she submitted an augmentation of her information and
documentation for Case #2 to the investigator, entitled a "Revised Chronology of
Retaliatory Acts by U.S. DOE," and that the incidents documented covered March
25, 1998, through October 1, 2003.  Defendant admits that Plaintiff filed this
"augmentation," but notes that the EEO Investigator did not investigate all of those
incidents described in the "Revised Chronology" and instead limited his
investigation to the claims in her formal complaint.  The EEO Investigator

ORDER GRANTING MOTION TO STRIKE  * 3

mentions Plaintiff's "augmentation" in his Report of Investigation (ROI):

> While the investigator has included the "Revised Chronology" and attachments thereto as an appendix to the report of investigation, this summary of the investigative report will address only the issues accepted for processing. The EEO investigator has no authority to either investigate or accept additional allegations in an amended complaint.

(Ex. 208).

On March 14, 2004, the AJ assigned to Plaintiff's retaliation complaint (Case #2) issued summary judgment in DOE's favor. Plaintiff submits the AJ granted the motion without knowledge of Case #1 and without motion, submittals, or arguments from the parties. Plaintiff appealed the ruling, and, on September 30, 2005, the EEOC reversed the AJ and remanded Case #2 for a full hearing.

On October 3, 2005, Plaintiff filed a third formal complaint against DOE with the EEOC (Case #3). On November 1, 2005, DOE mailed a letter notifying Plaintiff of its acceptance of her complaint, outlining the claims accepted for review, and describing the process for amending the identified claims. (Ex. 209). That letter describes Plaintiff's claims in Case #3 as follows:

> Please be advised that the following claims have been accepted by the agency for processing:
> 1. Whether you were discriminated against on the basis of your race (African-American), color (black), gender (female), physical disabilities (side effects from breast cancer treatments and eye disease), or in retaliation for engaging in protected activity when your responsibilities related to the Waste Sampling and Characterization Facility (WSCF) were transferred to another employee in your organization.
> 2. Whether the agency failed to make reasonable accommodation for your alleged disabilities when your responsibilities related to the Waste Sampling and Characterization Facility (WSCF) were transferred to another employee in your organization. Whether your medical conditions constitute disabilities under the law will also be part of the investigation.

(Ex. 209). DOE investigated the complaint and forwarded a report to the EEOC for a hearing at Plaintiff's request.

The EEOC consolidated Plaintiff's Case #2 and Case #3, and set the consolidated cases for a full hearing on June 25-29, 2007. In March 2007, the AJ ordered the parties to file a Prehearing Statement that identified all the issues the

ORDER GRANTING MOTION TO STRIKE  * 4

parties expected to be litigated during the formal hearing.  Defendant submits that Plaintiff's prehearing statement was the first instance in which DOE learned that Plaintiff's "Revised Chronology" was actually an attempt to amend her claims with the EEOC, even though the additional allegations had not been investigated and/or formally accepted for EEOC review.  Defendant argues that Plaintiff attempted to amend her EEOC complaint without complying with 29 C.F.R. Part 1614, which prescribes the process by which a complainant may amend her complaint.  29 C.F.R. § 1614.106(d), (e).[1]  Plaintiff was familiar with the amendment process because she successfully amended her complaint in Case #1 to add a hostile work environment claim.

A pre-hearing conference was held with the AJ on March 28, 2007.  At the hearing, DOE counsel raised concerns about Plaintiff's "augmentation" and attempts to amend her Case #2 complaint, and the AJ questioned Plaintiff's counsel about her attempts to amend.  The AJ explained to Plaintiff's counsel the proper procedure to amend, and informed her that she would not accept any new allegations beyond those set forth in Plaintiff's original Chronology to support her Case #2 complaint.  The AJ also limited Plaintiff to issues that were actually investigated in relation to Case #3.  To conclude the pretrial hearing, the AJ ruled that the claims and allegations accepted for hearing in Cases #2 and #3 were those that were properly submitted to the DOE, were actually investigated, and were

---

[1]  Under 29 C.F.R. § 1614.106(d), "a complainant may amend a complaint at any time prior to the conclusion of the investigation to include issues or claims like or related to those raised in the complaint.  After requesting a hearing, a complainant may file a motion with the administrative judge to amend a complaint to include issues or claims like or related to those raised in the complaint."  Under § 1614.106(e), the agency "shall acknowledge receipt of a complaint or an amendment to a complaint in writing and inform the complainant of the date on which the complaint or amendment was filed."

ORDER GRANTING MOTION TO STRIKE  * 5

described in the DOE's two acceptance letters.

On May 11, 2007, Plaintiff filed the present action in this Court. No final determination was reached by the EEOC in Cases #2 and #3 because this case was commenced before the scheduled hearing date. The administrative cases were dismissed because Plaintiff exhausted her administrative remedies as to those claims and exercised her right to have her claims heard in federal court.

## II.    Discussion

Defendant asks the Court to strike or, in the alternative, grant summary judgment, on portions of Plaintiff's Complaint that Defendant alleges were not included in her administrative complaints presented to the EEOC. Specifically, Defendant asks the Court to examine paragraphs 46 through 59 (events not included in Plaintiff's complaints), paragraphs 68 through 76 (events occurring after her complaints were filed), and paragraphs 51 and 55 (references to Plaintiff's Case #1).

Plaintiff argues in response that all the allegations in her Complaint in this matter "fall directly from the EEOC investigations and administrative complaints Balone filed with the EEOC." She disagrees with Defendant's characterization of paragraphs 46 through 59 by asserting those events were a part of her Case #2. She urges the Court to retain the references to Case #1 in her Complaint because the later cases involve some of the same DOE personnel, the same DOE site, and similar discriminatory and retaliatory acts. Last, Plaintiff maintains that paragraphs 68 through 76 contain allegations that either were a part of her Case #3 or concern a continuing pattern of discriminatory and retaliatory actions.

To establish federal subject matter jurisdiction over Title VII claims, a plaintiff is required to exhaust her administrative remedies before filing a complaint in federal court. *Lyons v. England*, 307 F.3d 1092, 1103-04 (9th Cir. 2002). "This affords the agency an opportunity to investigate the charge." *Vasquez v. County of Los Angeles*, 349 F.3d 634, 644 (9th Cir. 2003) (citation

ORDER GRANTING MOTION TO STRIKE  * 6

1  omitted).  The Court has subject matter jurisdiction over all claims that fall within

2  the scope of the EEOC's actual investigation or an EEOC investigation "that could

3  reasonably be expected to grow out of the charge."  *Id.*  In determining whether

4  claims are "reasonably related" to EEOC charges, the Court "may consider 'such

5  factors as the alleged basis of the discrimination, dates of discriminatory acts

6  specified within the charge, perpetrators of discrimination named in the charge,

7  and any locations at which discrimination is alleged to have occurred.'"  *Id.*

8  (citation omitted).  If a plaintiff fails to exhaust her administrative remedies, the

9  district court does not have subject matter jurisdiction to hear those portions of her

10  complaint and they must be dismissed.  *See Freeman v. Oakland Unified School*

11  *Dist.*, 291 F.3d 632, 637 (9th Cir. 2002) (upholding dismissal of a case due to

12  failure to exhaust for lack of subject matter jurisdiction).

13      In this case, both parties agree that there are two EEOC complaints that are

14  properly before this Court from Cases #2 and #3. The DOE accepted those

15  complaints for review and investigation by submitting to Plaintiff letters outlining

16  the scope of the claims.  The letters included instructions on how to amend the

17  claims to change the scope of the agency's investigation.  Plaintiff previously

18  followed those instructions when she successfully amended her Case #1 to include

19  a hostile work environment claim.

20      In Case #2, instead of formally amending her complaint, Plaintiff gave the

21  agency investigator her "Revised Chronology of Retaliation," and stated that it was

22  meant to "augment" her claims.  The agency and the investigator informed Plaintiff

23  that her Revised Chronology did not amend her complaint, and the events were not

24  included in the investigation that took place.

25      Plaintiff also claims that she has adequately pled a hostile work environment

26  claim for Case #3, so the Court should consider continuing violations occurring

27  after her filing of that complaint.  However, the agency did not include a hostile

28  environment claim in its acceptance letter, and, as in Case #2, Plaintiff did not

ORDER GRANTING MOTION TO STRIKE  * 7

attempt to amend her complaint after being put on notice that this claim was not included in the investigation.  Mere mention of the words "hostile work environment" in Plaintiff's original administrative complaint does not satisfy the exhaustion requirement under Title VII.  *See Freeman*, 291 F.3d at 637 ("The rule of liberal construction does not suggest that a plaintiff sufficiently exhausts his administrative remedies under Title VII by merely mentioning the word "discrimination" in his or her EEOC administrative charge.").

Both Case #2 and Case #3 were set for hearing before the EEOC Administrative Law Judge just after Plaintiff's Complaint in this matter was filed, and the agency's investigations on those cases were complete at that time.  As stated above, the Court has subject matter jurisdiction over "all claims of discrimination that fall within the scope of the EEOC's actual investigation[.]" *Vasquez*, 349 F.3d at 644.  The Court finds the allegations Plaintiff attempted to include in her complaint by revising her Chronology were properly excluded by the AJ in this matter, and they shall be excluded by this Court as well.

The same is true of Plaintiff's allegations of a hostile work environment taking place after Case #3 was filed, which were likewise not included in the investigation.  A "continuing violation theory 'draws within the ambit of a Title VII claim all conduct occurring before and after the filing of an EEO charge,' [but] that conduct must still be like or reasonably related to the events charged." *Freeman*, 291 F.3d at 639 (citation omitted).  The events Plaintiff charged in her Case #3 are completely distinct from those she alleges occurred after that case was filed and investigated, and they fail "to support an inference of either a series of related acts or a pattern or practice of discriminatory [or retaliatory] conduct." *Id.* at 638-39.  Accordingly, the Court limits Plaintiff's claims in this case to those relating to the charges outlined and investigated by the agency in both Case #2 and Case #3, for those are the claims that have been exhausted as required by Title VII.

As to Plaintiff's allegations concerning Case #1, Paragraphs 51 and 55

ORDER GRANTING MOTION TO STRIKE  * 8

reference the progress in Plaintiff's first case, but they predominantly discuss events surrounding Case #2, and they are included in Defendant's list of paragraphs that discuss events not in Plaintiff's complaints. These allegations were not encompassed in the agency's investigation, they have not been exhausted, and they are not properly before the Court.

Plaintiff has also filed a motion to supplement the record in this matter. The Court finds that both parties had sufficient opportunity to provide all relevant materials for the Court to consider on the record before the March 4, 2008 hearing; additional materials are not required to make an informed determination of the pending motion; and denial of the motion to supplement the record will not prejudice Plaintiff because the information she seeks to add is already referenced in materials on the record. The Court denies this motion.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Strike or Alternative Motion for Partial Summary Judgment (Ct. Rec. 16) is **GRANTED**. The Court strikes references in Plaintiff's Complaint to events not included in her administrative complaints and in the agency's investigation of her complaints, specifically Paragraphs 46 through 57 and Paragraphs 68 through 76. The Court does not have subject matter jurisdiction over these allegations and **dismisses them without prejudice**.

2. Plaintiff's Motion to Supplement the Record (Ct. Rec. 46) is **DENIED**.

3. Plaintiff's Motion to Expedite Hearing (Ct. Rec. 44) is **GRANTED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 26th  day of March, 2008.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2007\Ellis-Balone\sj.ord.wpd

ORDER GRANTING MOTION TO STRIKE  * 9